UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C.J. MERCADANTE,<br>P.O. Box 025250, Unit 53975<br>Miami, FL 33102-5250<br><br>ROBERT BIDDLE,<br>1030 Waterside Landing Wy<br>Summerville, SC 29485<br><br>JOHNNY JEFFERSON<br>129 Hidden Terr.<br>Swansea, SC 29160<br><br>PHILLIP W. OHARA<br>500/161 Laguna Home Phase 5<br>Amphur Sansai<br>Chiang Mai, Thailand 50210<br><br>Individually and on behalf of<br>Similarly situated persons,<br>     Plaintiffs,<br><br>  v.<br><br>XE SERVICES, LLC,<br>U.S. TRAINING CENTER, INC., and<br>BLACKWATER SECURITY<br>CONSULTING, LLC,<br>BLACKWATER WORLDWIDE<br>TRUST, HEALTH AND WELFARE<br>PLAN AND TRUSTEES,<br>SERVE:<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br>     Defendants. | **Demand Jury Trial**<br>**Individual and class action**<br>**on behalf of all similarly situated**<br>**employees**<br><br><br>BREACH OF CONTRACT, FRAUD,<br>ERISA BREACH OF FIDUCIARY DUTY |

**COMPLAINT FOR DAMAGES**
**AND DECLARATORY AND INJUNCTIVE RELIEF AND CLASS RELIEF**

1

## I. PRELIMINARY STATEMENT

Plaintiffs, individually and on behalf of all persons similarly situated, for their complaint allege:

1.      This is an action arising under (1) the common law of fraud and deceit; (2) breach of employment contract and implied contract; (3) breach of fiduciary duty under ERISA, and (4) civil conspiracy, as set forth later herein.

2.      This complaint is filed due to actions and omissions of Defendants, in conspiracy with each other, to defeat the right of American Citizens and Foreign Nationals to receive their lawful benefits and compensation under ERISA, their contracts of employment, and to have their FICA tax paid by their employer, the Defendants hereunder.  Billions of dollars are lost each year to the federal treasury as well as to individuals due to misclassification of employees as independent contracts in order to avoid paying lawful taxes, withholding, and plan benefits.

3.      This suit seeks to vindicate the rights of Plaintiffs as a member of the public and a citizen of the United States, to prevent lawlessness and utter lack of accountability on the part of the Defendants in contracting practices, to prevent continuing and irreparable harm, and to cause a temporary and preliminary injunction to issue enforcing a federal tax law to require the Defendants to pay Plaintiff's payroll taxes including FICA, FUTA, state unemployment compensation fund arrears, arrears for plan benefits for Defendants' health, welfare, disability, and pension plans for all years for which Plaintiffs and the class of similarly situated workers in Iraq and Afghanistan should have received since 2001, for out of pocket expenses, interest and

2

damages, punitive damages, attorneys fees and such other relief as the court deems equitable and fair.

## II. JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the asserted claims under 28 U.S.C. § 1331 (Federal Question), under 28 U.S.C. § 1332 (Diversity of Citizenship).   The Court has personal jurisdiction over the Defendants because they are subject to the District of Columbia long-arm statute, D.C. Code § 13-423 and because Defendants are present and transact business in the District of Columbia, and because the acts and omissions complained of occurred, on information and belief, in the District of Columbia through contracts of Defendants with the U.S. Departments of State, Defense, and such contracts were entered into in the District of Columbia or were to be partially performed in the District of Columbia; and because the matters concern disputes with the Internal Revenue Service who made decisions concerning classification of Plaintiffs and those similarly situated as employees and not independent contractors.

5.     Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b) and (c).

6.     These proceedings are brought pursuant to the provisions of the Employee Retirement Income Security Act of 1974 [hereinafter ERISA], 29 U.S.C. § 1001 et seq.. This Court has subject matter jurisdiction pursuant to the provisions in 29 U.S.C. § 1132 (e) (1) in that this action is brought by participants and/or beneficiaries in the Health, Disability and Welfare Plans For Employees of Blackwater, Prince, and Xe Companies ("Plan").

3

7.     In this Class Action Complaint, Plaintiffs brings this action for injunctive relief and damages due to Defendants' refusal to make payments and/or direct payments to be made that were obligated to be made pursuant to Plan language and that they agreed, in their discretion, to make and/or direct to be made prior to Plaintiffs' medical treatment.

8.     Plaintiffs also bring this action due to Defendants' failure to include them in the health care, pension, and disability plans, such as they may be, of Defendants' corporations. Defendants thereby breached their fiduciary duties pursuant to 29 U.S.C. § 1132(a) (2), 29 U.S.C. § 1109(a), and 29 U.S.C. § 1002(21)(A), entitling Plaintiff to recover benefits, costs and attorney fees, and to obtain declaratory and injunctive relief.

9.     The Class of persons consists of all persons designated as independent contractors under contracts with Defendants to perform services for Defendants in Iraq and Afghanistan and other foreign countries, and beneficiaries of Health, Pension, Disability and Welfare Plans for Employees of all Defendants ("The Plans") after April 1, 2001.

10.    Venue is proper in the District of Columbia to 29 U.S.C. § 1132(e)(2) in that Defendants had the IRS approve said plans in the District of Columbia, had it determined in the District of Columbia that the persons classified as independent contractors were actually employees, and these employee were paid through dollars paid by the United Sates Government under contracts for services in foreign countries in support of the Global War on Terror, Operation Enduring Freedom, and Operation Iraqi Freedom.  Alleged breaches of the Plaintiffs' Plan and Defendants' fiduciary duties, including the failure to pay and/or direct payments, to be made to Plaintiffs and the retirement plans or for medical care, hospital care, doctor's care,

4

occurred, in part, within the District of Columbia.  Joinder of these claims of the named Plaintiffs

is proper under F.R.C.P. 20(a) and F.R.C.P. 23 because each of Plaintiff's claims arises out of

the same transactions or series of transactions with regard to these Defendants.

11.     Defendants may be found, have agents in, and/or transacted business in the

District of Columbia.

12.     Each of the named Plaintiffs in this Class Action Complaint are, or have been,

employees of Defendant Blackwater and its subsidiary companies and should have been

classified as employees and thus should have been beneficiaries of the Plans by and through their

employment with Blackwater Worldwide, Xe, and Blackwater Security Consulting, LLC and

represent Plaintiffs from many of the fifty states of the United States who have no health

insurance, retirement plans, employee stock options, disability benefits and/or have been denied

health care treatment because of the misclassification of Defendants as independent contractors.

13.     Plaintiffs have standing to sue pursuant to 29 U.S.C. § 1132(a)(2).

14.     The Plans may be sued under 29 U.S.C. § 1132(d)(1).

15.     Each of the Defendants may be sued under 29 U.S.C. § 1002(21)(A) for

exercising discretionary duties.  Blackwater Health, Welfare and Disability Plan and its

successors may be sued under 29 U.S.C. § 1132.

### III. PLAINTIFFS

16.     Plaintiff CJ Mercadante is a citizen of the State of Florida and of the United

States, residing at  P.O. Box 025250, Unit 53975, Miami, FL 33102-5250.

17.     Plaintiff Robert Biddle is a citizen of the State of South Carolina and of the United States, residing at 1030 Waterside Landing Wy, Summerville, SC 29485.

18.     Plaintiff Johnny Jefferson is a citizen of the State of South Carolina and of the United States, residing at  129 Hidden Terr., Swansea, SC 29160.

19.     Plaintiff Phillip W. OHara is a citizen of the United States, residing at 500/161 Laguna Home Phase 5, Amphur Sansai, Chiang Mai, Thailand 50210.

## IV. DEFENDANTS

20.     Defendants Xe Services, LLC, U.S. Training Center, Inc., Blackwater Security Consulting, LLC, Blackwater Worldwide, and Blackwater Trust and Plan Trustees, are limited liability companies and corporations organized under the laws of Delaware.  Their principal and registered offices are located at 850 Puddin Ridge Road, Moyock, North Carolina, 27958 and they regularly carry on business in the District of Columbia through government contracts with the United States of America.  Defendants are part of the family of entities now doing business as "Xe" which until early 2009 were doing business as "Blackwater Worldwide" and "Blackwater USA."  Xe Services is the successor entity to EP Investments, LLC.  Xe Services is the central entity in the "Xe" family of entities.  Xe and its predecessor and sister companies maintain ERISA qualified plans that prohibit discrimination among employees, under such plans as a health and welfare, disability, and pension and profit sharing plans.

## V. FACTUAL & LEGAL ALLEGATIONS

21.     Plaintiffs worked for Defendants as security contractors in Iraq and Afghanistan and are among over 3,000 persons who have done so for Defendants in support of the global War

on Terror since 2001. They signed annual contracts to work for Defendants under contracts with the United States Department of State and other departments such as the Department of Defense, providing protection and other classified services. They were often working for the Central Intelligence Agency or the Department of State under diplomatic passports.

22.     The contracts Plaintiffs and those similarly situated that Defendants required them to sign was characterized as Independent Contractor agreements. Said contracts called for payment of a daily rate and in many cases a completion or partial completion bonus. All withholding or other payroll taxes were set forth as the responsibility of the contractor.

23.     The so-called independent contractor agreements were for contracts on which Defendants earned billions of dollars providing services to the United States, which services were paid pursuant to contracts between the United States and one of the Defendant entities or its successors.

24.     Provision of the services by Plaintiffs and those similarly situated was an essential aspect of Defendants' businesses.

25.     Each of the Plaintiffs and those similarly situated were trained by Defendants in facilities owned or controlled by Defendants, assigned duties by Defendants in Iraq or Afghanistan, including being assigned gear, weapons, protective gear, clothing, and instructions. At all times Defendants had the right to control how plaintiffs performed work, when they performed work, where they performed work, and their dates of being absent from work for rest and recreation, all pursuant to their contracts.

7

26.     Plaintiffs and those similarly situated were required to be trained at Defendants' training facilities in the United States and overseas, including controlling when they were required to shoot on the shooting range overseas to keep current.

27.     Defendants would assign to plaintiffs which security detail to work.  For example, when a government dignitary or celebrity came to the country in which Plaintiffs worked, Defendants would inform the plaintiffs or those similarly situated which dignitary they would be assigned to and what intelligence there was concerning dangers to the wellbeing of the assigned protection detail.

28.     Plaintiffs and many of those similarly situated came home wounded physically and psychologically from Iraq, Afghanistan, and other countries, and needed health insurance to take care of difficulties for themselves and their families, often because Defendants and their workers compensation (Defense Base Act) carriers refused to provide benefits until forced to do so after drawn out disputes in administrative courts.  The Plaintiffs and those similarly situated were sent 1099s rather than W-2s annually and were required to pay their own self-employment tax and had no monies paid into federal, state or local governments for unemployment, income tax withholding or other withholding.

29.     It was widely publicized in 2007 that the United States Congress investigated Defendants for tax evasion for their misclassification of Plaintiffs and those similarly situated as independent contractors rather than employees.  See, e.g.,  Klaus Marre, "Waxman: Blackwater may have engaged in tax evasion," *The Hill*, October 22, 2007.

30.    Plaintiff Mercadante worked for Defendant Blackwater from 2006-08.  He applied to the IRS for a determination of tax status on the form SS-8 and received a determination on February 8, 2011 informing him that he was an employee for purposes of tax status, and that IRS had previously determined that security specialists such as Mercadante had been determined to be employees.  The other representative plaintiffs worked for Defendants in 2006-2009.  Plaintiff Phillip OHara has applied for determination of tax status on form SS-8, but has not yet received a determination.  The other representative Plaintiffs have not received a determination of employee status status, and it is clear from the IRS's position this issue has been properly addressed in the past.  Some of Plaintiffs, including Plaintiff Mercadante and Biddle, and those similarly situated, have been injured while working for Defendants and, to varying degrees, have been determined to be employees under the Defense Base Act, 42 U.S.C. §§ 1651-5, and paid some medical and disability benefits.

31.    As a result of this determination by IRS of employee status, Plaintiffs and those similarly situated must file amended tax returns for each of the years when they worked for Blackwater, and may owe taxes, interest and penalties as well as professional accounting fees.

32.    Even after these determinations by IRS, on information and belief, Plaintiffs allege that Defendants continued to require security specialists and similarly titled employees to sign independent contractor agreements notwithstanding their being under the right of control of Defendants and having to take instructions for when they work, where they work, and how they work from employer, as well as receiving all of their gear and weapons.

## THE PLAINTIFF CLASS

33.     Plaintiffs bring this action pursuant to Rules 23 (a) and 23 (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated throughout the United States who worked for Defendants from 2001 to the present, and who are or should be beneficiaries of the Blackwater Plans.

34.     The above-described class is so numerous that joinder of all members is impracticable.

35.     Joinder of the members of the class is additionally impeded by geographic concerns because class members reside in several states.

36.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     Whether the Class was misclassified as independent contractors rather than employees for purposes of taxes, withholding, and Plan documents of the retirement and health and welfare plans of Defendants;

(b)     Whether Defendants thereby breached their fiduciary duties pursuant to 29 U.S.C. § 1132(a)(2); and

(c)     Whether Defendants knew, or should have known, that they were misclassifying and misrepresenting the nature of the relationship to the Class or failed to disclose facts it should have to inform the Class of the benefits they were entitled to if they were deemed employees;

(d)     If so, whether the Class members are entitled to recover benefits, costs and attorneys fees, and to obtain declaratory and injunctive relief.

37.     Named Plaintiffs claims are typical of the claims of the members of the Class. Named Plaintiffs and all members of the Class are persons who should have been classified as employees and had withholding and taxes paid by Defendants and been participants and beneficiaries of the Plans of Defendants who have suffered financial losses due to Defendants' wrongful common course of conduct.

38.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel who are competent and experienced in class litigation.  Plaintiffs have interests that are not antagonistic to, or in conflict with, those interests Plaintiffs seek to represent as the Class representatives.

39.     Defendants refuse to act on grounds usually applicable to the Class, thereby making it appropriate for final injunctive and declaratory relief to be granted with respect to the Class as a whole.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable.  Because the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to pursue individual litigation in order to vindicate their rights.  In the absence of a class action, Defendants will retain the benefits of their wrong doing despite serious violations of the law.

Plaintiffs envision no difficulties likely to be encountered in the management of this litigation as a class action.

41.      Each of Plaintiffs is a proper representative of the class of those similarly situated as they enjoyed various levels of seniority with Defendants, are experienced security specialists, had previous extensive military experience and were all damaged in the same ways for which class relief is being sought.

42.      The class satisfies the requirements of Rule 23 in that the class is sufficiently (1) numerous, in that there are in excess of 3,000 such former and current security specialists who worked for Defendants, (2) common in fact and law, in that the interests of Plaintiffs is identical to that of the rest of the class in that all suffered the same damage calculable by easy mathematical calculation of percentages of income for FICA and other withholding, state unemployment taxes, state income withholding, and health and welfare and disability and pension benefits, (3) typical of all claims in that each of the Plaintiffs has the same type of claim as other plaintiffs concerning loss of benefits, calculation of taxes and withholding, and so on, and (4) there is adequacy of representation in that they will adequately represent the interests of the class and they have secured class counsel with experience in class litigation and complex litigation.

## CLAIMS FOR RELIEF

### COUNT I
(Declaratory Judgment)

43.      Plaintiffs repeat and incorporate by reference each allegation set forth in paragraphs 1 through 42 above.

12

44.     Plaintiff seeks a declaration that the Defendants improperly classified Plaintiffs and those similarly situated to them as independent contractors when in fact they were employees of Blackwater Security Consulting, LLC.

45.     Plaintiffs seeks a further declaration that the IRS determined that Defendants misclassified said Plaintiffs and failed in their duty to notify all similarly situated persons that they were entitled to reimbursement for payment of FICA and other taxes, and that Defendants failed to reimburse the accounts of Plaintiffs, failed to include plaintiffs and those similarly situated in the plans of Blackwater Worldwide, Prince Group or other retirement, insurance and benefit plans under ERISA, and for an order restoring all benefits and monies owing to Plaintiffs and those similarly situated.

## COUNT II
### (Breach of Contract, Express and Implied)

46.     Plaintiffs repeat and incorporate by reference each allegation set forth in paragraphs 1 through 45 above.

47.     Defendants entered into express agreements to employ Plaintiffs and those similarly situated in Iraq or Afghanistan, and in other foreign countries, in exchange for pay. Defendants were in a superior bargaining position and Plaintiffs relied on Defendants to properly and lawfully classify, pay, do appropriate withholding, and to otherwise provide benefits to them in a manner that was non-discriminatory and in compliance with federal contracting principles and federal and state laws concerning ERISA benefits, as well as state unemployment compensation. Defendants breached their implied and express contracts with Plaintiffs and former and current employees of Defendants, by failing to pay them benefits paid to other

employees, forced them to pay taxes for FICA and other state withholding for unemployment and disability insurance, failed to provide retirement and other benefits paid to other employees of Defendants.  Defendants breached the covenant of good faith and fair dealing implicit in every contract with Plaintiffs and those similarly situated.

48.     As a direct and foreseeable result of Defendants' breach, Plaintiffs and those similarly situated have been subjected to damages of payment of FICA withholding and other payroll taxes, refiling of tax returns and costs associated therewith, interest, penalties, and loss of benefits of employment, health insurance, disability insurance, pension and other retirement benefits, and other foreseeable consequential damages.

**COUNT III**
(Intentional and Negligent Misrepresentation and Fraud)

49.     Plaintiffs repeat and incorporate by reference each allegation set forth in paragraphs 1 through 48 above.

50.     Despite inquiry by Plaintiffs and those similarly situated into employment benefits, insurance, and withholding that Defendants should have performed and paid for, Defendants intentionally or negligently mislead the Plaintiffs and the IRS concerning the obligation of the employer to pay payroll taxes, withholding, state unemployment insurance withholding, health and welfare, and pension or retirement benefits, private disability insurance.

51.     Defendants had superior bargaining power and presented the Plaintiffs and those similarly situated with the contracts on a take it or leave it basis.  Defendants withheld information from Plaintiffs and those similarly situated that, under the circumstances, they should have disclosed in Plaintiffs' decisions concerning filing of taxes, payment of self-

14

employment tax and other issues that caused them damages and loss as a result of the lack of disclosure by Defendants who were under a duty to disclose.

52.     Plaintiffs reasonably relied on the Defendants to properly determine the tax status of them as employees or independent contractors, and further relied on representations and failures to disclose in official communications depicting Plaintiffs as employees of Defendants.

53.     Plaintiffs were damaged as a result of said reliance, including loss of money, incurring obligations to refile tax returns, loss of unemployment benefits, loss of pension and other retirement benefits, loss of health insurance benefits, and loss of treatment and care for them and their families for health conditions upon their return from deployment abroad in working for Defendants.   Defendants knew that the classification for Plaintiffs and those similarly situated was incorrect.   Defendants' conduct was wanton, willful, and reckless, justifying an award of punitive damages, and treble damages for losses incurred and proved by Plaintiffs and those similarly situated through submission of mathematical formulae for such damages, pursuant to state statutes applicable to each plaintiff or class member.

**COUNT IV**
(Breach of Fiduciary Duty under ERISA)

54.     Plaintiffs repeat and incorporate by reference each allegation set forth in paragraphs 1 through 53 above.

55.     This claim is brought pursuant to 29 U.S.C. § 1132(a) (1) (B) and (a) (2), which provides that "[a] civil action may be brought – (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan . . . ." and "(2) by a participant [or] beneficiary . . . for appropriate relief under section 1109 of this title."

15

56.     Defendants health, welfare, and retirement plans had a fiduciary relationship with Plaintiffs and each member of the Class under 29 U.S.C. §§ 1104 and 1109, including decisions to include Plaintiff Class in the plans for healthcare, retirement, disability and other forms of benefits.

57.     Defendants conspired with one another to mislead, defraud, confuse, and defeat the Plaintiffs and all employees of Defendants to keep them from knowing of the plan and their right to participate in it as actual employees of Defendants.  Defendants failed to fund or otherwise permit Plaintiffs from participating in and enjoying the benefits of the Plan.

58.     Defendants thereby breached their fiduciary duties to Plaintiffs.

87.     As a direct result of said breaches of fiduciary duty, Defendants have misused Plan assets, the Plan has suffered losses, and Plaintiffs and the Class have been denied benefits and will continue to suffer financial losses in excess of medical bills, including loss of continuous insurance coverage, making Plaintiff Class members uninsurable for pre-existing medical conditions, a fact that Defendants knew or should have known would result from their refusal to disclose the known breaches to the rights of Plaintiff Class by failing to offer them the health coverage available to other employee plan participants, and by failing to provide disability coverage and retirement contributions on behalf of Plaintiffs.

59.     This Court has the authority to issue a judgment finding that the Defendants' conduct is in violation of the provisions of ERISA, to enjoin such practices, to require Defendants to make payments and to adequately disclose information regarding such payments

to Plaintiffs and the Class, to allow Plaintiffs to recover all benefits due to them, and to allow

Plaintiffs to recover all damages incurred as a result of Defendants' conduct.

60.     Plaintiffs pray that the court issue a judgment upon any finding of inappropriate

conduct of Defendants.

## COUNT V
### (Preliminary and Permanent Injunctive Relief)

61.     Plaintiff repeats and incorporates by reference each and every allegation set out in

paragraphs 1 through 60 above.

63.     This claim is brought pursuant to 29 U.S.C. § 1132(a) (3), which provides that:

> [a] civil action may be brought – (3) by a participant [or] beneficiary . . .
> (A) to enjoin any act or practice which violates any provision of this
> subchapter or the terms of the plan, or (B) to obtain other appropriate
> equitable relief (i) to redress such violations or (ii) to enforce any
> provisions of this subchapter or the terms of the plan

and pursuant to 29 U.S.C. § 1132 (a) (2) allowing a participant or beneficiary to bring

suit for appropriate relief under 29 U.S.C. § 1109.

91.     This Court has the authority to issue a declaratory judgment finding that the

Defendants' conduct is in violation of the provisions of ERISA, to enjoin such practices, to

require Defendants to make payments and to adequately disclose information regarding

payments and benefits to Plaintiffs and the Class, and to allow Plaintiffs to recover benefits due

to them.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment for Plaintiffs and for the following relief:

(a)     Judgment against Defendants for the Amount of benefits, FICA and FUTA

withholding, withholding for state unemployment, withholding for federal local and state income tax if any, lost unemployment benefits, premiums for health and disability policies, employee stock options, or other out of pocket expenses and benefits denied Plaintiffs;

(b)     Judgment against Defendants for foreseeable breach of contract, implied contract and covenant of good faith and fair dealing;

(c)     Judgment against Defendants for intentional and negligent misrepresentation;

(d)     Judgment against Defendants finding that their practices violate 29 U.S.C. § 1132 (a)(2), (3) and corresponding provisions;

(e)     Judgment against Defendants prohibiting them from engaging in similar conduct with regard to Plaintiffs and other beneficiaries;

(d)     Reasonable attorneys' fees, treble damages, and costs of the action;

(e)     Damages in the amount of $20,000,000.00 for Plaintiffs' noneconomic damages;

(f)     Any other relief consistent with the goals of ERISA which the Court deems just and proper; and,

(g)     Punitive damages in the amount of $40,000,000.00.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of law.

Respectfully submitted,

Dated: June 6, 2011

Scott J. Bloch, Esq.
DC Bar No.  984264
LAW OFFICES OF SCOTT J. BLOCH, PA
1050 17th St., N.W., Suite 600
Washington, DC  20036
Tel.  (202) 496-1290
Fax (202) 478-0479
sbloch@bcounsel.com
www.dcresultslawyers.com
Counsel for Plaintiffs

18