UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

C.J. MERCADANTE, *et al.*,

    Plaintiffs,

    v.

XE SERVICES, LLC, *et al.*,

    Defendants.

Civil Action No. 11-01044 (CKK)

**MEMORANDUM OPINION AND ORDER**
(May 22, 2012)

Plaintiffs C.J. Mercadante, Robert Biddle, Johnny Jefferson, and Phillip O'Hara bring this action on their own behalf and on behalf of a putative class[1] against Defendants Xe Services, LLC, U.S. Training Center, Inc., USTC Security Consulting, LLC f/k/a Blackwater Security Consulting, LLC, and Blackwater Worldwide Trust, Health and Welfare Plan and Trustees. Plaintiffs assert a series of claims—including breach of contract, fraud, and breach of fiduciary duty under the Employment Retirement Income Security Act of 1974—and allege, among other things, that they were misclassified as independent contractors and denied various benefits. (See First Am. Compl. for Damages & Declaratory & Injunctive Relief & Class Relief, ECF No. [11].) Currently before the Court is Defendants' [14] Motion to Compel Arbitration. Upon careful consideration of the parties' submissions, the relevant authorities, and the record as a whole, the motion shall be DENIED WITHOUT PREJUDICE.[2]

---

[1] Plaintiffs are yet to file a motion for class certification. (See Min. Order (Dec. 16, 2011).)

[2] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: Defs.' Stmt. of P. & A. in Supp. of Their Mot. to Compel Arbitration, ECF No. [14-1] ("Defs.' Mem."); Pls.' Mem. in Supp. of Their Opp'n to Defs.' Mot. to Compel Arbitration, ECF No. [17-1]; Defs.' Reply Mem. in Supp. of Their Mot. to Compel Arbitration, ECF No. [18] ("Defs.' Reply"). In an exercise of its discretion, the Court concludes that holding oral argument would not be of assistance in rendering a decision. See LCvR 7(f).

In this case, each of the named Plaintiffs signed an Independent Contractor Service Agreement ("Agreement"), and each Agreement includes a clause stating that any dispute between the parties regarding the interpretation or enforcement of any rights or obligations under the Agreement shall be resolved by binding arbitration according to the rules of the American Arbitration Association ("AAA"). (See Decl. of Cheryl Desiderio, ECF No. [14-1], Exs. A-D.) The AAA Employment Arbitration Rules and Mediation Procedures, in turn, provide:

> **Jurisdiction**
>
> a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.
>
> b. The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.
>
> c. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

AAA EMPLOYMENT ARBITRATION RULES AND MEDIATION PROCEDURES, Rule 6.[3]  This language delegates gateway questions of arbitrability to the arbitrator. See, e.g., Awuah v. Coverall N. Am., Inc., 554 F.3d 7, 11-12 (1st Cir. 2009); Agere Sys., Inc. v. Samsung Elec. Ltd., 560 F.3d 337, 339-40 (5th Cir. 2009); Fallo v. High-Tech Inst., 559 F.3d 874, 877-78 (8th Cir. 2009);

---

[3] Rule 6, or its analog, has been materially identical at all times relevant to this action.

Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1372-73 (Fed. Cir. 2006); Contec Corp. v. Remote Solution Co., Ltd., 398 F.3d 205, 208 (2d Cir. 2005); Terminex Int'l Co., LP v. Palmer Ranch Ltd. P'Ship, 432 F.3d 1327, 1332-33 (11th Cir. 2005); Washington v. William Morris Endeavor Entm't, LLC, Civil Action No. 10-9647 (PKC) (JCF), 2011 WL 3251504, at *6 (S.D.N.Y. July 20, 2011); Howard v. Rent-A-Center, Inc., Civil Action No. 1:10-CV-103, 2010 WL 3009515, at *3 (E.D. Tenn. July 28, 2010); Avue Techs. Corp. v. DCI Grp., L.L.C., Civil Action No. 06-327 (JDB), 2006 WL 1147662, at *5-7 (D.D.C. Apr. 28, 2006); cf. Republic of Argentina v. BG Grp. PLC, 665 F.3d 1363, 1370-71 (D.C. Cir. 2012). *If* Defendants can invoke this "delegation agreement" in this case, then questions of arbitrability must be answered in the first instance by the arbitrator, not this Court.

But this conclusion is not dispositive of Defendants' Motion to Compel Arbitration. An agreement to delegate gateway issues of arbitrability to the arbitrator is "an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the [Federal Arbitration Act] operates on this additional arbitration agreement just as it does on any other." Rent-A-Center, W., Inc. v. Jackson, __ U.S. __, 130 S. Ct. 2772, 2777-78 (2010). That is, a delegation agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party challenges the validity of a delegation agreement, the district court "must consider the challenge before ordering compliance." Rent-A-Center, 130 S. Ct. at 2778. The challenge, however, must be directed specifically at the delegation agreement and not at "another provision of the contract, or to the contract as a whole." Id.; see also Wolff v. Westwood Mgmt., LLC, 558 F.3d 517, 521 (D.C. Cir. 2009); Nat'l R.R. Passenger Corp. v. Consol. Rail Corp., 892

F.2d 1066, 1070 (D.C. Cir. 1990).

Defendants concede that, under this rubric, "courts, as opposed to arbitrators, typically have authority to determine whether the parties formed [a delegation agreement] in the first instance," but claim that "this rule does not apply" here because Plaintiffs failed to "independently challenge their delegation provisions." (Defs.' Reply at 11-12.) In support of this argument, Defendants rely upon Rent-A-Center, in which the Supreme Court upheld a delegation agreement on the basis that the plaintiff in that case failed to "make any arguments specific to the delegation provision." See Rent-A-Center, 130 S. Ct. at 2780. But there is an important difference between Rent-A-Center and this case: the defendant in Rent-A-Center specifically, and unambiguously, sought enforcement of the delegation agreement in its opening memorandum before the district court. See Mot. to Dismiss Proceedings & Compel Arbitration at 4-6, Jackson v. Rent-A-Center W., Inc., Civil Action No. 3:07-00050 (LRH) (RAM) (D. Nev. Mar. 14, 2007), ECF No. [6]. Therefore, when the plaintiff omitted any challenge specific to the delegation agreement in his opposition to the motion to compel and first sought to challenge the delegation agreement on appeal, the Supreme Court found that the challenge was raised "too late," and refused to "consider it." Rent-A-Center, 130 S. Ct. at 2781. Here, in sharp contrast, the Defendants' opening memorandum does not even mention the delegation agreement, let alone seek its enforcement. Indeed, in their opening memorandum, Defendants present the question of arbitrability as if it were an issue for this Court, not the arbitrator. (See Defs.' Mem. at 7-9.) As a result, Plaintiffs were never put on notice that, in their opposition,

they might need to address the enforceability of the delegation agreement.[4] By invoking the delegation agreement for the first time in their reply memorandum, Defendants deprived Plaintiffs of an opportunity to render a meaningful response. Under these circumstances, the Court declines to rule on the merits in the absence of more fulsome and targeted briefing on the precise issue at hand. See Baloch v. Norton, 517 F. Supp. 2d 345, 348 (D.D.C. 2007), aff'd sub nom. Baloch v. Kemthorne, 550 F.3d 1191 (D.C. Cir. 2008).

Accordingly, it is, this 22nd day of May, 2012, hereby

**ORDERED** that Defendants' [14] Motion to Compel Arbitration is DENIED WITHOUT PREJUDICE. Defendants shall file a renewed motion to compel arbitration, accompanied by a memorandum of points and authorities not to exceed twenty-five (25) pages, by no later than **June 8, 2012**; Plaintiffs shall file their opposition, accompanied by a memorandum of points and authorities not to exceed twenty-five (25) pages, by no later than **June 25, 2012**; and Defendants shall file their reply, accompanied by a memorandum of points and authorities not to exceed ten (10) pages, by no later than **July 5, 2012**. The parties' briefing should be focused on the question of whether Defendants may invoke the delegation agreement in this case in order to compel the arbitration of gateway questions of arbitrability. However, the parties may also address the question of whether the Court should nonetheless find the merits of their dispute arbitrable even if the delegation agreement itself cannot be invoked in this case. The parties are warned that submissions that stray into collateral or irrelevant matters may be stricken and the offending party subjected to sanctions. The parties may not incorporate

---

[4] That is especially true because, unlike the contract at issue in Rent-A-Center, there is no express delegation clause in Plaintiffs' Agreements; rather, the delegation agreement arises from the incorporation of the rules of the AAA. Cf. Quilloin v. Tenet HealthSystem Philadelphia, Inc., 673 F.3d 221, 229-30 (3d Cir. 2012).

arguments in prior submissions.  Furthermore, because "the appropriate standard of review [in this context] is the same standard used in resolving summary judgment motions," Brown v. Dorsey & Whitney, LLP, 267 F. Supp 2d 61, 67 (D.D.C. 2003), when briefing Defendants' renewed motion to compel, the parties shall comply with Federal Rule of Civil Procedure 56, Local Civil Rule 7(h), and Paragraph 6 of this Court's Scheduling and Procedures Order, filed this same date.

    **SO ORDERED.**

                                                                                       /s/
                                            **COLLEEN KOLLAR-KOTELLY**
                                            United States District Judge