UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C.J. MERCADANTE, *et al.*,<br>    Plaintiffs<br><br>    v.<br><br>XE SERVICES, LLC, *et al.*,<br>    Defendant | Civil Action No. 11-1044 (CKK) |

**MEMORANDUM OPINION and ORDER**
(August 13, 2015)

On January 15, 2015, the Court granted Defendants' [24] Second Renewed Motion to Compel Arbitration. The Court ordered the parties to proceed to arbitration in order for an arbitrator to determine, in the first instance, whether the claims in this action are arbitrable. On July 6, 2015, Plaintiffs filed a [65] Motion for Reconsideration or in the Alternative for Certification of Interlocutory Appeal.[1] Plaintiffs ask the Court to reconsider its previous decision to compel arbitration on the question of arbitrability. In the alternative, Plaintiffs ask the Court to certify this case for interlocutory appeal to resolve the controlling issues of law regarding the underlying Motion to Compel. Defendants respond that Plaintiffs' Motion is untimely and that neither reconsideration nor certification for interlocutory appeal is warranted. After carefully considering the parties' arguments, the Court concludes that reconsideration is not warranted. The Court also concludes that certifying this case for an interlocutory appeal under 28 U.S.C. § 1292(b) would not be proper. The Motion is DENIED.

"The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Flythe v. D.C.*, 4 F. Supp. 3d 216, 218 (D.D.C. 2014) (quoting *Isse v. Am. Univ.,* 544 F. Supp. 2d 25, 29 (D.D.C. 2008)). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.'" *Cobell v. Norton,* 355 F. Supp. 2d

---

[1] The Court notes that the Motion filed was incorrectly captioned as "Plaintiffs' Response and Opposition to Defendants' Motion to Compel Arbitration and Dismiss." The Clerk of the Court entered a notice of error on the docket and sent Plaintiffs' counsel an email informing him of the error and requesting that he file an "Errata with a correct page 1." Docket Entry dated July 7, 2015. In response, Plaintiffs' Counsel filed an "Amended Motion to Amend/Correct," which included (only) the corrected first page. In response, the Clerk of the Court entered a notice of error on the docket, yet again, and sent an e-mail to Plaintiffs' counsel stating that the PDF file that was filed contained errors and that the "[c]orrected page 1 of motion should be attached to an Errata," and requesting counsel to "[r]efile as an Errata." Docket Entry dated July 8, 2015. Plaintiffs' counsel never filed an Errata as directed. That is not proper.

531, 540 (D.D.C. 2005). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta,* 177 (D.D.C. 2011) (quoting *Zeigler v. Potter,* 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

In a thorough Memorandum Opinion issued on January 15, 2015, the Court explained its decision to grant Defendants' [24] Second Renewed Motion to Compel Arbitration. The Court will not repeat the recitation of the background, the legal analysis, or the conclusions in that thorough Opinion. The Court incorporates—and makes part of—that January 15, 2015, Memorandum Opinion here. In the Motion now before the Court, Plaintiffs repeat arguments that the Court previously considered and rejected. Plaintiffs do not present any new arguments for reconsideration that merit the Court's reconsideration anew. For the reasons stated in its January 15, 2015, Memorandum Opinion, the Court rejects those arguments once again. The Court will not disturb its previous conclusion that, on the record before the Court, the question of arbitrability is for the arbitrator in the first instance. Plaintiffs have identified no legal error or other basis for reconsideration. Accordingly, the Court denies the request for reconsideration.[2]

The Court also concludes that certifying this case for an interlocutory appeal is not warranted. A district judge may certify a case for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Z St. v. Koskinen*, 791 F.3d 24, 28 (D.C. Cir. 2015). The decision whether to certify a case for interlocutory appeal is within the discretion of the district court. *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) *cert. denied sub nom. U.S. ex rel. Barko v. Kellogg Brown & Root, Inc.*, 135 S. Ct. 1163 (2015). "Because certification runs counter to the general policy against piecemeal appeals, this process is to be used sparingly." *Sai v. Dep't of Homeland Sec.*, No. 14-CV-1876 (RDM), 2015 WL 1736960, at *5 (D.D.C. Apr. 16, 2015).

This is not a case for the sparing use of the interlocutory appeal process. Plaintiffs' argument for certification primarily revolves around the incorporation of the AAA rules in the employment agreements. However, pursuant to the Court's analysis in its January 15, 2015, Memorandum Opinion, the Court concludes that there is no "substantial ground for difference of opinion" regarding the incorporation of those rules as applied to this case. Neither the cases cited by Plaintiffs nor Plaintiffs' arguments demonstrate that there

---

[2] Notwithstanding Plaintiffs' attempt to explain why the motion before the Court was filed six months after the Court's original Order was entered, the Court concludes that the delay in filing this motion weighs significantly against the granting of the motion with respect to either type of relief sought. Nonetheless, the Court does not rely on that reason in resolving the pending motion. Court denies the motion for the reasons stated above.

is an "substantial ground for difference of opinion" as to a "controlling question of law" regarding any issue in this case. Nor would the Court conclude that this a case where an immediate interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, the Court concludes that certifying this case for interlocutory appeal would be improper.

If Plaintiffs continue to seek relief on the underlying claims, they must submit to arbitration so that an arbitrator can consider the arbitrability of the claims in the first instance, as explained at length in the Court's January 15, 2015, Memorandum Opinion.

For the reasons stated above, and for the reasons stated in the Court's January 15, 2015, Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' [65] Motion for Reconsideration or in the Alternative for Certification of Interlocutory Appeal is DENIED.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge