**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| C.J. MERCADANTE, *et al.*,<br>    Plaintiffs<br>    v.<br>XE SERVICES, LLC, *et al.*,<br>    Defendant | Civil Action No. 11-1044 (CKK) |

**MEMORANDUM OPINION and ORDER**
(August 19, 2016)

Before the Court is Defendants' [71] Motion to Dismiss. Defendants seek dismissal under Federal Rule of Civil Procedure 41(b) on the basis that Plaintiffs have "fail[ed] to prosecute or to comply with … a court order." Specifically, Defendants seek dismissal because Plaintiffs failed to proceed to arbitration regarding the claims brought in this case after the Court ordered them to do so. Having carefully considered Defendants' [71] Motion, Plaintiffs' [73] Response and Opposition, and Defendants' [74] Reply, as well as the parties' [72] Joint Report, the Court concludes that it is proper to HOLD IN ABEYANCE the motion while providing Plaintiffs one *final* opportunity to perfect their arbitration demands and to proceed to arbitration before the American Arbitration Association.

**I. BACKGROUND**

The Court presented the factual background underlying this case previously. *See Mercadante v. XE Servs., LLC*, 78 F. Supp. 3d 131, 134 (D.D.C. 2015). Therefore, the Court limits its presentation of the background to the events that form the basis for Defendants' motion to dismiss for want of prosecution. The Court describes the relevant sequence of events here.

On January 15, 2015, the Court ordered the parties to "proceed to arbitration in order for an arbitrator to determine, in the first instance, whether the claims in this action are arbitrable."

1

Order, ECF No. 63. Subsequently, after the parties' exchanged e-mails regarding future proceedings, Plaintiffs filed a Motion for Reconsideration or in the Alternative for Certification of Interlocutory Appeal, regarding this Court's January 15, 2015, Order, which Defendants opposed. The Court denied that motion in its entirety. The Court explained that, if Plaintiffs continued to seek relief on the claims they brought in this case, they were required to proceed to arbitration as previously ordered by the Court. *See* Mem. Op. and Order, ECF No. 69, dated Aug. 13, 2015.

In the aftermath of the Court's decision on the motion for reconsideration, Plaintiffs asked Defendants whether they would consent to arbitration in Washington, D.C. Defendants responded that they insisted on arbitration in the locations within North Carolina specified in the underlying agreements with Plaintiffs. *See* Thorne Decl., ECF No.71-2, ¶¶ 9-10. For six months, there was no further correspondence between the parties in the time between September 2015 and March 2016.

On March 25, 2016, Plaintiffs submitted a Demand for Arbitration to the American Arbitration Association ("AAA"), under its rules for employment cases. Def.'s Mot., Ex. F, at 31. The demand encompassed class claims, as well as the individual claims of the four individual Plaintiffs in this case. *See id.* at 1 ("Individual and class action on behalf of all similarly situated employees"); *id.* ¶¶ 34-43 (setting out basis for class claims). The AAA acknowledged receipt of Plaintiffs' demand, including a payment of $200. *Id.*, Ex. G, at 1. The letter explained that "[t]he preliminary filing fee under the Supplementary Rules for Class Arbitration is $3,350, of which claimants have paid $200." *Id.* The letter further stated that "to proceed with administration, we request the $3,150 balance of the filing fee be submitted at this time." *Id.* The AAA informed Plaintiffs that this payment was due on April 7, 2016. *Id.* On April 21, 2016, the AAA sent a

follow-up letter to Plaintiffs indicating that the payment required by the March 29, 2016, letter had not been received. *Id.*, Ex. H, at 1. Pursuant to the follow-up letter, payment was due on April 30, 2016. *Id.* at 2. Subsequently, the AAA sent additional follow-up correspondence on June 10, 2016, by e-mail, indicating that no payment had yet been made. *Id.*, Ex. I. The e-mail further stated that Plaintiffs were required to submit the balance of the fee by June 17, 2016, and that "[a]bsent receipt of the filing fee by June 17, we will administratively close our file." *Id.* Plaintiffs' counsel responded to that e-mail with a one-line e-mail stating only the following: "Please proceed on the individual claims. That's what we were filing under."[1] *Id.*, Ex. K. Representatives from the AAA's Employment Filing Team responded as follows on June 13, 2016:

> Good Evening,
>
> Should claimants desire to proceed, we request that each claimant submit an individual demand for arbitration, along with a copy of the applicable arbitration agreement, and the appropriate filing fee.
>
> If we do not receive individual demands and the filing fee by June 20, 2016, we will close our file.
>
> If you have any questions, please email employmentfiling@adr.org, and we will be happy to assist you. Kindly copy the opposing party's representative on any response to this e-mail.

*Id.* Plaintiffs did not respond to that communication. On June 22, 2016, the AAA's Employment Filing Team sent the parties a letter stating the following:

> On March 29, 2016, April 21, 2016, and June 13, 2016, claimant was notified that the filing requirements for the above matter have not been met. The filing deficiency has not been cured. Accordingly, we have administratively closed our file without prejudice.

---

[1] The Court notes that it is apparent from the face of the Demand for Arbitration itself, filed on March 25, 2016, that the Demand included *class* and *individual* claims.

*Id.*, Ex. L. The letter further stated that "[i]n the future should you decide to resubmit this matter, please provide all the requisite information along with the appropriate filing fee." *Id.*

Defendants subsequently filed the pending Motion to Dismiss for want of prosecution, which Plaintiffs have opposed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion."). "A lengthy period of inactivity may also be enough to justify dismissal under Rule 41(b)." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988); *see also Cavezza v. U.S. Dep't of Justice*, No. CV 15-182 (JEB), 2015 WL 4938679, at *1 (D.D.C. Aug. 19, 2015) (same). The well-known Wright and Miller *Federal Practice and Procedure* treatise elaborates on dismissals on this basis as follows:

> A lengthy period of inactivity by the plaintiff may be enough to justify a dismissal for failure to prosecute under Rule 42(b) in the circumstances of a particular case, and a significant number of federal courts have so concluded. This is particularly true if the plaintiff seems culpable in some significant respect. This might be suggested by the fact that he or she previously had been warned by the court that he or she must act with greater diligence, has failed to obey the mandates of the Federal Rules or the local rules of the court in which the action is pending or the terms of the district judge's orders in the case, has presented no legitimate excuse for the delay, or if there are other factors aggravating the offending party's inaction, particularly when it has resulted in prejudice to the defendant.

9 C. Wright & A. Miller, Federal Practice and Procedure, § 2370 (3d ed.) (footnotes omitted).

## III. DISCUSSION

As Defendants have shown, Plaintiffs have not moved with the speed that the Court would have expected in proceeding to arbitration. It was not until March 25, 2016, that Plaintiffs filed their demand for arbitration with the AAA, *seven months* after the Court resolved Plaintiffs' motion for reconsideration and *fourteen months* after the Court initially ordered arbitration in this case. Moreover, after Plaintiffs filed the arbitration demand, the AAA repeatedly informed them that it was necessary to pay a full filing fee in order to pursue their claims, as described above. The Court emphasizes that, notwithstanding Plaintiffs' suggestion to the contrary, their Demand for Arbitration clearly entailed the arbitration of class claims. Therefore, it was wholly proper that the AAA required the payment of the higher standard fee associated with the arbitration of class claims.

Rather than complying with the instructions from the AAA, Plaintiffs simply failed to respond to the communications from the AAA regarding their claims. It was only on June 17, 2016—two months after the initial communication from the AAA indicating that Plaintiffs had failed to pay the required fee for a class action—that Plaintiffs stated that they only sought to pursue *individual* claims. However, even after that point, Plaintiffs failed to comply with the AAA's requirement—of which they were directly notified—that they must file individual arbitration demands to proceed on an individual basis. Because Plaintiffs never satisfied these requirements, the AAA closed their case. Notably, Plaintiffs still have yet to represent—as of this date—that they have filed the individual arbitration demands and paid the associated filing fees.[2]

Based on this sequence of events, the Court agrees with Defendants that Plaintiffs have failed to pursue their case diligently. The Court would have expected Plaintiffs to pursue

---

[2] Plaintiffs did pay $200 initially as a filing fee.

arbitration with alacrity after the Court ordered arbitration—particularly after the Court denied Plaintiffs' motion for reconsideration. Instead, it was over seven months between the denial of Plaintiffs' motion for reconsideration and the filing of the arbitration demand. Moreover, the Court would have expected Plaintiffs' counsel to carefully evaluate whether to pursue individual or class arbitration in light of the requirements of the AAA, including the standard fees associated with those several processes. Specifically, doing so would have made Plaintiffs aware of the up-front fees required for individual and for class arbitration. Instead, Plaintiffs attempted to initiate class arbitration, but refused to pay the associated filing fee. And then, after repeated prompting from the AAA, they decided to shift toward pursuing individual arbitration. But even then they failed to comply with the AAA requirements regarding the filing of individual demands and associated fees. And they have continued to fail to comply with those requirements through the present day. Significantly, Plaintiffs have never reported that they have filed even *one* individual arbitration demand, as required by the AAA, even though the $200 filing fee they already paid would cover the initial fee for one such demand. Based on the events through this date, the Court would conclude that Plaintiffs have failed to satisfy the requirement that they continue to pursue this litigation diligently, which is necessary to avoid a dismissal for failure to prosecute. *See Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) ("A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause.").

     Moreover, Defendants have indicated that they are prejudiced by the failure of Plaintiffs to diligently pursue arbitration in this case. They explain that they have spent significant time and money litigating whether the claims in this case are arbitrable—over the course of several years and numerous filings before this Court. Yet, after the Court ordered arbitration, Plaintiffs

have failed to take the necessary steps to proceed with arbitration as explained throughout this Memorandum Opinion in order to resolve the lawsuit.

In response to Defendants' motion, Plaintiffs do not provide any adequate explanation of the delays that have characterized their pursuit of arbitration. Instead, Plaintiffs raise arguments that have no bearing on whether they have moved forward with this case with sufficient diligence to avoid an involuntary dismissal for failure to prosecute. In particular, they attempt to revisit once again whether the Court should have ordered arbitration in the first instance, emphasizing the unfairness of the fees associated with that process. However, more than 19 months ago, the Court determined that, insofar as Plaintiffs would continue to pursue the claims in this case, it would be necessary for an arbitrator to determine the arbitrability of those claims. *See Mercadante*, 78 F. Supp. 3d at 148. The Court also denied Plaintiffs' motion for reconsideration with respect to the same question. *See* Mem. Op. and Order, ECF No. 69. Put simply, Plaintiffs' suggestion that they ought not be forced to arbitrate has no place in opposing Defendant's motion to dismiss for failure to prosecute. Similarly, Plaintiffs may not evade Defendants' motion to dismiss by complaining about the fees associated with the arbitration proceedings.[3] It is sufficient that the Court ordered arbitration previously, and the Court will not revisit decision here.

Accordingly, to move forward with this case, Plaintiffs must proceed to commit to arbitration at the AAA pursuant to the rules of that organization, mandated by the arbitration clause in the parties' agreement—the same clause that required the parties to proceed to arbitration in the first instance. Specifically, Plaintiffs are required to pay any fees required by

---

[3] The Court notes that, while Plaintiffs, emphasize the size of the fees associated with arbitration proceedings, continued litigation will involve costs, as well, which may be significant.

claimants in such proceedings, including the fees imposed on Plaintiffs for the initiation of the arbitration proceedings.

In sum, if Plaintiffs seek to proceed with this case, they must *swiftly* comply with the rules and the requirements of the AAA. Since Plaintiffs have clarified that they do not intend to pursue class arbitration, they must file individual demands for each of the four named Plaintiffs, as well as pay any required fees that are associated with the filing of those demands. *See* Defs.' Mot, Exs. K, L. It was Plaintiffs' failure to do so that led to their case to be closed by the AAA. Yet, Plaintiffs have not indicated that they have complied with these requirements in the two months that have elapsed since the AAA closed their case. These failures suggest that Plaintiffs are *still* not pursuing this litigation diligently, as is required of them. Plaintiffs have suggested—albeit vaguely—that they are continuing to pursue the individual claims in arbitration, stating that they are seeking to "have the matter reinstated" for individual proceedings before the AAA. First Joint Status Report, ECF No. 72, at 1. However, in the later filing opposition to Defendants', they have not explained in any way how they are attempting to resolve their "fee disputes" with the AAA or that they have actually filed the individual demands, as the AAA required, since the AAA closed their case. That said, because Plaintiffs indicate that they are seeking to have the individual claims reinstated in arbitration, the Court will not *yet* dismiss this action for failure to prosecute. Rather, the Court will provide Plaintiffs one *final* opportunity to comply with the requirements of the AAA and to move forward with the arbitration proceedings.

As a result, the Court now expects Plaintiffs to move forward expeditiously to seek reinstatement of their individual arbitration claims—filing individual demands and paying filing fees as required by the AAA. Insofar as Plaintiffs seek to pursue their claims further—and of course they are not required to do so—they must initiate proceedings with alacrity and continue

to pursue them diligently. Failure to do so risks the Court's dismissal of the claims in this case for failure to prosecute.

### IV. CONCLUSION and ORDER

For the foregoing reasons, it is hereby **ORDERED** that Defendants' [71] Motion to Dismiss is HELD IN ABEYANCE.

It is further **ORDERED** that Plaintiffs shall file a Status Report regarding the arbitration of the claims brought in this action by no later than **OCTOBER 19, 2016**.

It is further **ORDERED** that, if Plaintiffs seek to continue to pursue the claims in this case, they must file and perfect arbitration demands before the AAA, including the payment of the required fees as set by the AAA, as well as demonstrate *continued progress* in pursuing those arbitration proceedings, by the date of that Status Report. **Failure to do so risks the possibility that the Court will dismiss this case for want of prosecution at that time.**

It is further **ORDERED** that, if the parties have indicated in their Joint Status Report that Plaintiffs have complied with the AAA requirements as necessary to diligently move this case forward, Defendants shall indicate any prejudice stemming from their failure to do so in that Joint Status Report.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge